RECEIVED

MAR 2 8 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| TYLER J. ARCENEAUX | CIVIL ACTION NO. 06-2403 |
| VS. | JUDGE HAIK |
| POLICE DEP'T OF LAFAYETTE<br>POLICE CHIEF, CITY OF LAFAYETTE<br>UNKNOWN POLICE OFFICERS<br>LAFAYETTE CITY PARISH<br>  CONSOLIDATED GOV'T<br>JASON AIRHART | MAGISTRATE JUDGE METHVIN |

## HEIGHTENED PLEADING REVIEW

In this §1983 civil rights lawsuit, plaintiff has sued defendant Jason Airhart and other unnamed police officers in both their official and individual capacities. Airhart, the only officer who has been specifically named as a defendant in the lawsuit, pleads the defense of qualified immunity in his answer. The undersigned has therefore conducted an evaluation of plaintiff's complaint to determine whether it meets the applicable heightened pleading requirement. *See* Schultea v. Wood, 47 F.3d 1427, (5th Cir. 1995);[1] Baker v. Putnal, 75 F.3d 190, 195 (5th Cir. 1996).

Plaintiff claims that his constitutional rights were violated based upon the following alleged facts: On or about November 10, 2005, plaintiff was in his car when he was ordered to exit the car; upon exiting the car, plaintiff was completely incapacitated by a Taser gun that the

---

[1] Schultea instructs that when public officials sued in their individual capacities plead qualified immunity in a §1983 case, the district court should "insist that a plaintiff file a reply" under Rule 7(a) Fed.R.Civ.P. The reply "must be tailored to the assertion of qualified immunity and fairly engage its allegations." The court may ban discovery to allow the prompt filing of a dispositive motion, unless the court finds "that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts. Even if such limited discovery is allowed, at its end, the court can again determine whether the case can proceed and consider any motions for summary judgment under Rule 56." Schultea v. Wood, 47 F.3d 1427, 1433-34.

2

defendant officers fired on him twice; when plaintiff failed to obey police instructions because he had been hit in the back and head by the Taser gun, the defendant officers grabbed him by the neck, slammed his head against the pavement, and beat him until he was unconscious. Plaintiff contends that he suffered severe injuries to his lip, which required fourteen stitches, and to his head, neck, hands, and back. Plaintiff also alleges that the officers knocked out one of this teeth and that he suffered paralysis in his left arm. Plaintiff contends that he did nothing to provoke this attack.

On February 8, 2007, the undersigned concluded that the plaintiff's allegations do not meet the heightened pleading requirement of Schultea, which requires that claims be "supported with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendants' conduct at the time of the alleged acts." Schultea, 47 F.3d at 1434.[2] Specifically, the undersigned concluded that plaintiff has provided no facts regarding the initial traffic stop, including whether plaintiff was the driver of the vehicle or a passenger and whether he was pulled over for a traffic violation, and did not state how many officers were involved in the incident in question.

The plaintiff was ordered to file a Fed. R. Civ. P. 7(a) reply to the qualified immunity defense invoked by Airhart in his answer and to therein state: (1) whether defendant Jason Airhart and the unnamed police officers who are alleged to have violated plaintiff's constitutional rights are sued in their individual capacities; (2) if Airhart and the officers are sued in their

---

[2] Schultea instructs that when public officials sued in their individual capacities plead qualified immunity in a §1983 case, the district court should "insist that a plaintiff file a reply" under Rule 7(a) Fed.R.Civ.P. The reply "must be tailored to the assertion of qualified immunity and fairly engage its allegations." The court may ban discovery to allow the prompt filing of a dispositive motion, unless the court finds "that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts. Even if such limited discovery is allowed, at its end, the court can again determine whether the case can proceed and consider any motions for summary judgment under Rule 56." Schultea v. Wood, 47 F.3d 1427, 1433-34.

3

individual capacities, the constitutional rights that these defendants personally violated; (3) the facts that support the allegations against Airhart and the unnamed defendant officers; and (4) the reasons why Airhart and the unnamed defendant officers are not entitled to qualified immunity.

Plaintiff submitted his 7(a) reply on March 15, 2007 and therein states that Airhart, Jermey Courville, and Oren Haydel used excessive force in arresting him on November 10, 2005, and that these defendants are not entitled to qualified immunity because they did not have probable cause to arrest him. Plaintiff contends that these defendants violated his rights under the 8th Amendment of the U.S. Constitution.

Considering the foregoing, the undersigned concludes that plaintiff has "supported [his] claim[s] with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendants' conduct at the time of the alleged acts." Schultea, 47 F.3d at 1434. Plaintiff has therefore met the heightened pleading requirement, and no order limiting discovery under Schultea is appropriate.[3]

**IT IS HEREBY ORDERED that,** *within ten days of the date of this order,* plaintiff shall amend his complaint to add Jermey Courville and Oren Haydel as defendants in the instant lawsuit and to specifically allege that these defendants, as well as Jason Airhart, are sued in both their official and individual capacities.

---

[3] The Fifth Circuit in Schultea stated:

> The district court may ban discovery at this threshold pleading stage and may limit any necessary discovery to the defense of qualified immunity. The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts. Even if such limited discovery is allowed, at its end, the court can again determine whether the case can proceed and consider any motions for summary judgment under Rule 56.

Schultea, 47 F.3d at 1432-34.

4

**IT IS FURTHER ORDERED** that the Clerk shall FAX a copy of this order to all counsel of record.

Signed at Lafayette, Louisiana on March 28, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

COPY SENT:
DATE: 3/28/07
BY: CW
TO: mem

Duke
Melson
Ottinger
Simoneaux
Trahan
} via fax